IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERALD BARRON, as Parent and Next Friend of M.B., a minor,<br><br>    Plaintiff,<br><br>v.<br><br>CSAA GENERAL INSURANCE COMPANY d/b/a AAA INSURANCE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-20-00686-JD<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is a Joint Application for Approval of Settlement and Distribution ("Motion"), filed October 7, 2021. [Doc. No. 47]. This Court entered an Administrative Closing Order on August 26, 2021 [Doc. No. 46], which provided that "[u]nless a party moves to reopen or extend this proceeding within **30** days of the entry of this Order, this action shall be deemed dismissed with prejudice, and this Order shall become a final judgment . . . ." [*Id.*] The parties did not seek leave to reopen or extend this proceeding within the time provided by the Order, and therefore the action was deemed dismissed with prejudice on Monday, September 27, 2021.

An unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Federal Rule of Civil Procedure 60(b). *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989); *cf. Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) (holding that district court lacked jurisdiction to enforce settlement agreement where

language of administrative closing order demonstrated intent to dismiss action without retaining jurisdiction upon expiration of 60 days and did not condition dismissal on compliance with settlement agreement, and order of dismissal did not incorporate settlement agreement).

Accordingly, because the Motion seeking approval of the parties' settlement was filed after this action was deemed dismissed with prejudice, the Court lacks jurisdiction to entertain the Motion.

Dated this 19th day of October 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE